UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

BUILDING SERVICE 32BJ HEALTH FUND,

                                         Civil. Action: 20-cv-7633

                          Plaintiff,

       -against-

                                           COMPLAINT

PARAGON SYSTEMS, INC.,

                          Defendant.

-------------------------------------------------------------------------------X

       Building Service 32BJ Health Fund (the "Funds"), as and for its Complaint against the

Paragon Systems, Inc. ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

   1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health

fund for contractual and other equitable relief under ERISA to secure performance by an employer

of specific statutory and contractual obligations to pay the required monetary contributions to the

Funds by electronic transfer, as per the contractual and statutory requirements, and to comply with

a payroll compliance audit. This Complaint alleges that by failing, refusing or neglecting to pay

and submit the required monetary contributions when due as per the Funds' rules and regulations,

Defendant violated its collective bargaining agreement (the "Agreement"), the Funds' Declaration

of Trust, and ERISA. Defendant is further in violation of ERISA, the Agreement, Funds'

Declaration of Trust and the Funds' rules and regulations for failing to cooperate with a payroll

compliance audit initiated to confirm the accuracy of Defendant's self-reported employee information.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local

32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance benefits to those employees eligible to receive them. The Funds maintains their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Paragon Systems, Inc. was and continues to be an Alabama for profit corporation having a principal place of business of 13900 Lincoln Park Drive, Suite 300, Herndon, VA 20171, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Upon information and belief, at all times relevant  Defendant was party to a series of collective bargaining agreements (the "Agreements") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Fund on behalf of employees covered by the Agreement, and to follow the Funds' Declarations of Trust and Collections Policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policies require that employers self-report employee information into ESS, and then make the payments associated with this employee information on a going forward basis. To confirm the accuracy of this self-reporting, Defendant is also required by the aforementioned documents to cooperate in payroll compliance audits.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8.      The Funds repeat and realleges each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9.      Pursuant to the Agreement, there became due and owing to the Funds from Defendant, benefit contributions from October 1, 2018 through September 23, 2019.

10.     For the period October 1, 2018 through September 23, 2019,  Defendant failed to pay the Funds no less than $98,201.20 in required contributions, in violation of the Agreement. However, this amount is based on information self-reported by date into ESS by employer. Due to Defendant's failure cooperate with a payroll compliance audit, the Funds are unable to determine the exact amount owed to the Funds.

11.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

12.     Further, for many contributions that were ultimately paid by Defendant, these payments were made late, and Defendant is liable to the Funds for interest payments as per the Agreement, the Funds' Declaration of Trust, and the Funds' collection policies.

13.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

4

14.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

16.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Fund's plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18.     Pursuant to the Agreement, there became due and owing to the Fund from Defendant benefit contributions from October 1, 2018 through September 23, 2019.

19.     For the period October 1, 2018 through September 23, 2019, Defendant failed to pay the Funds no less than $98,201.20 in required contributions, in violation of the Agreement. However, this amount is based on information already submitted into ESS by Defendant. Due to Defendant's failure comply with the payroll compliance audit, the Funds are unable to determine the exact amount owed to the Funds.

20.     Further, for additional benefit contributions based on employer self-reporting to

the Funds, several benefit contributions were untimely made, thereby rendering Defendant liable for interest on the late principal as per the Agreements.

21.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132)

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

22.     The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint as if set forth fully therein.

23.     Defendant is obligated, pursuant to the terms of the Agreement, Funds' Declaration of Trust and Fund's Collection Policy, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds. If employers do not cooperate, the Funds are entitled to, *inter alia*, audit fees, attorney's fees, and costs of suit should litigation prove necessary to compel compliance.

24.     The Fund's Auditing Firm commenced an audit for the time period of October 1, 2018 through September 23, 2019.

25.     At all times material herein, Defendant has failed and refused to fully cooperate with the audit of its books and records.

26.     The failure, refusal or neglect of Defendant to make the required contributions to the Funds constitutes a violation of the Agreement between Defendant and the Union, the Funds' Declarations of Trust and Funds' Collections Policies.

27.     Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records and, should there be any findings, make payment of the unpaid balances, plus interest, liquidated damages, attorney's fees and costs of suit.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

28.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 27 of this Complaint as if set forth fully therein.

29.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements. The Agreements, Declarations of Trust and Fund's Collections Policies require Defendant to comply with payroll compliance audits.

30.     The Funds Auditing Firm commenced an audit for the time period of October 1, 2018 through September 23, 2019.

31.     At all times material herein, Defendant has failed and refused to fully cooperate with the audit of its books and records.

32.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer violation of 29 U.S.C. § 1145, the Court shall award to Plaintiffs, *inter alia*, relief that includes an Order requiring that Plaintiff comply with a payroll compliance audits, and make full payment of the principal, interest, and liquidated damages associated with any audit findings, together with reasonable attorneys' fees and costs and distributions, including audit costs, incurred in the action.

WHEREFORE, plaintiff Funds demands judgment:

a.   against Defendant for payment of all past due contributions to date, in an amount of not less than $98,201.20,

b.   against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA  § 502(g)(2) and the Agreement,

c.   against Defendant for accrued prejudgment interest on all contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA  § 502 (g)(2) and the Agreement,

d.   against Defendant  for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

e.   for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period October 1, 2018 through September 23, 2019 and to pay the associated contributions owed, plus interest, audit fees, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

g.   for such other and further relief as the Court deems just and proper.

Dated:    Fort Lee, New Jersey
          September 18, 2020

RAAB, STURM & GANCHROW, LLP

By: _____
    Samuel R. Bloom (SB1988)
    Attorneys for Plaintiff Fund
    2125 Center Avenue
    Suite 100
    Fort Lee, New Jersey
    (Tel) 201-292-0150

(Fax) 201-292-0152